12-4164-cr
*United States v. Rickard*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand thirteen.

PRESENT: PIERRE N. LEVAL,
RICHARD C. WESLEY,
PETER W. HALL,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                *Petitioner-Appellee,*

    -v.-                               12-4164-cr

JOHN RICKARD,

                *Respondent-Appellant.*

_____

FOR APPELLEE: JEREMY D. SCHWARTZ, Buffalo, NY.

FOR APPELLANT: MELISSA M. MARANGOLA, Assistant United States Attorney, *for* William J. Hochul Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from the United States District Court for the Western District of New York (Skretny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **REVERSED**.

The government appeals the decision of the US District Court for the Western District of New York suppressing evidence seized during a search of Defendant John Rickard's home, 254 Laird Avenue, Buffalo, New York. We assume the parties' familiarity with the facts and procedural posture.

I. Background

On November 3, 2009, after receiving numerous anonymous complaints of drug activity at 254 Laird, Detective Paul Delano of the Buffalo Police Department directed a confidential informant to attempt to purchase drugs at that address. As the CI approached the home, a slight light-skinned black male came down from the front porch, and sold crack cocaine to the CI.

On November 4, 2009, the Buffalo Police Department applied for a search warrant for 254 Laird. In support of the application, the CI and Detective Delano testified *in camera*. The CI testified that a man by the name of "A" sold him twenty dollars' worth of crack cocaine at 254 Laird St, a white, two family dwelling. The CI further testified that

2

he lived in the neighborhood but did not know whether A lived or merely stayed at 254 Laird. It is undisputed that A is not the defendant.

There were several confusing discrepancies in the warrant application. During the CI's testimony, Delano corrected the CI's statement that 254 Laird was a two family residence. It is a single family residence. Adding to the confusion, while correcting the CI, Delano mis-spoke and said that the address was 257 Laird. Delano then corrected himself and said that he meant 254. To confuse things still further, 254 Laird is beige, not white as the CI testified. Delano later averred that it is in fact beige, but appeared white at night.

Following Delano and the CI's testimony, a Buffalo City Court Judge issued the warrant authorizing the search of 254 Laird. Detective Delano, accompanied by other officers, executed the warrant on November 9, 2009. They seized five ounces of crack cocaine, firearms, ammunition, and $58,000 in cash.

On June 23, 2011, based on the evidence seized, a federal grand jury returned a true bill charging Rickard with (1) possessing cocaine with intent to distribute, (2)

maintaining a premises for the purpose of distributing cocaine, (3) possessing firearms for drug trafficking; and (4) possessing firearms as a felon. On February 1, 2012, Rickard moved to suppress the evidence seized during the search, arguing that there was insufficient evidence linking him and 254 Laird to the drug transaction. The federal magistrate judge to whom pretrial matters had been referred issued a report and recommendation that agreed with Rickard and concluded that the warrant was so lacking in probable cause that no reasonable officer could have relied on it in good faith. The district court adopted the magistrate judge's report without explanation and the United States appeals.

II. Discussion

The decision whether to issue a warrant requires answering the "commonsense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place." *Illinois v. Gates*, 462 U.S. 213, 230 (1983). Regardless of whether there was in fact probable cause, however, we do not apply the exclusionary rule where an officer obtained evidence by acting in reasonable reliance on a defective search warrant

issued by a neutral magistrate. *See United States v. Leon*, 468 U.S. 897, 922-23 (1984). The exclusionary rule operates to deter illegal searches by police, not as a personal constitutional right of the aggrieved party. *Id.* at 906-07. Therefore, "suppression is 'our last resort, not our first impulse.'" *United States v. Clark*, 638 F.3d 89, 99 (2d Cir. 2011)(quoting *Herring v. United States*, 555 U.S. 135, 140 (2009)).

It is the government's burden to establish the good faith of its officers. *Clark*, 638 F.3d at 100. Nonetheless, the court need not inquire in depth as to the reasonableness of searches conducted pursuant to a warrant. *Leon*, 468 U.S. at 922. Most such searches will be upheld. In *Leon*, the Supreme Court identified a limited number of circumstances where the good faith exception to the exclusionary rule would not apply, none of which are present here. *Clark*, 638 F.3d at 100.

In defending the district court's ruling, Rickard argues that there was no nexus between A and 254 Laird, that Delano knowingly misled the issuing judge by withholding the fact that the CI did not know A or where he lived, and that the judge unreasonably failed to inquire into the basis of

5

the CI's knowledge of A.  We disagree. There plainly was a nexus between A and 254 Laird. As the CI approached No. 254 to buy drugs, he found A standing on the porch. A asked the CI if he needed something and then sold drugs to the CI just in front of the porch. A need not live at No. 254 to use it for drug distribution and the CI need not know A to ascertain that A was using the front porch of No. 254 as a base from which to sell drugs. These facts, combined with the complaints on the tip line, are enough to survive a *Leon* good faith analysis.

The fact that Delano described the house as white rather than beige in the warrant application does not undermine this conclusion. The discrepancy was explained as attributable to the white appearance of beige by nighttime light. In any event, Delano executed the search and knew which house was the target of the warrant. Similarly, Delano's misstatement of "257 Laird" does not establish that the warrant was obtained in bad faith. We will not exclude evidence every time an officer mis-speaks and corrects himself while applying for a warrant.

Rickard's argument that there was insufficient evidence linking him to A's sale is misconceived and beside the

point. What was at issue in the ruling below was not the sufficiency of evidence to support the indictment of Rickard, but the propriety of the search on 254 Laird conducted pursuant to the warrant. Our decision upholding the search does not concern or address the propriety of the indictment of Rickard.

For the foregoing reasons, the judgment of the district court is hereby **REVERSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk